------------------------------------------------------------x
:
:
:
:
:
:
IN RE TELEFONAKTIEBOLAGET LM : Case No. 1:22-cv-01167-WFK-LB
ERICSSON SECURITIES LITIGATION. :
: **ORAL ARGUMENT REQUESTED**
:
:
:
:
:
:
------------------------------------------------------------x

# DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Robert J. Giuffra, Jr.
David M.J. Rein
Jacob G. Singer
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  212-558-4000
Fax:  212-558-3558
giuffrar@sullcrom.com
reind@sullcrom.com
singerja@sullcrom.com

*Counsel for Defendants Telefonaktiebolaget LM Ericsson, Börje Ekholm, Carl Mellander, and Xavier Dedullen*

March 17, 2023

In its Sur-Reply, Plaintiff tellingly concedes—as it must—that "Defendants' disclosure obligations to the DOJ . . . are distinct from Defendants' obligations to investors under the securities laws." (Sur-Reply 3.) But Plaintiff incorrectly presumes that the standard for those disclosure obligations is the same. Thus, Plaintiff erroneously seeks to equate the DOJ's determination that Ericsson's former outside counsel "omitted material facts and information" about Iraq from disclosures under a DPA *to the DOJ* with a duty to disclose under the securities laws, and argues that this means that this information must have been "material" to *investors* and its non-disclosure constituted "securities fraud." (Sur-Reply 3.) The Court should reject this mistaken premise.

Moreover, Defendants never claimed that they had no "knowledge of the internal Iraq investigation" "prior to entering into the DPA," including when Mr. Dedullen stated, in a call with research analysts on December 7, 2019, that "we are not aware of any other follow-on investigations." (Sur-Reply 2–3.) Instead, Defendants showed how the context of Mr. Dedullen's statement makes clear that "follow-on investigations" referred to investigations by other governmental regulators, not Ericsson internal investigations. (*See* Def. Br. 17–18; Reply 7.) In the exchange on which Plaintiff relies, the research analyst specifically referred to a question he raised on a previous investor call addressing the Company's provision for the estimated costs of resolving DOJ and SEC FCPA investigations. (*See* Ex. 40 at 6.)[1] That earlier question asked, "[i]n terms of the potential for *other jurisdictions* to look at this . . . has anything else started at this point?" (Ex. 58 at 9 (emphasis added).) This further confirms that the "investigations" under discussion were government enforcement investigations, not internal investigations.

---

[1] "Ex. _" refers to exhibits to the Declarations of David M.J. Rein, dated December 16, 2023, March 10, 2023, and March 17, 2023. (Dkt. 49, 52, 57-2.)

Finally, at no point did Defendants provide investors with assurance that there was no "potential for future regulatory action." (Sur-Reply 2.) To the contrary, and to this day, Ericsson has repeatedly cautioned investors of the risks of enforcement proceedings. (*See* Def. Br. 6–8, 13–17; Reply 4–6; *see also* Ex. 1.)[2]

For these reasons and those set forth in Defendants' briefs, the Amended Complaint should be dismissed with prejudice, without leave to amend.

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
David M.J. Rein
Jacob G. Singer
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: 212-558-4000
Fax: 212-558-3558
giuffrar@sullcrom.com
reind@sullcrom.com
singerja@sullcrom.com

*Counsel for Defendants Telefonaktiebolaget LM Ericsson, Börje Ekholm, Carl Mellander, and Xavier Dedullen*

March 17, 2023

---

[2] Plaintiff inaccurately accuses Defendants of submitting the plea agreement filings to the Court to make "factual assertion[s]." (Dkt. 56 at 1.) In fact, because the DPA and DPA breach notification are discussed extensively in Plaintiff's Amended Complaint (*see, e.g.*, AC ¶¶ 140–150, 182), Defendants submitted the filings so that the Court would have the updated record of publicly available filings, not for any contested factual point.